IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN BENEVEDES, Individually and as Personal Representative for the ESTATE OF MICHELLE BENEVEDES, Deceased, and as Prochein Ami of DAVID BENEVEDES (minor) and YVETTE BENEVEDES (minor); YVONNE BENEVEDES; THOMAS BENEVEDES; RONALD AILA, SR.; RANDALL AILA, as Personal Representative of the ESTATE OF RACQUEL AKAU, Deceased; LAWRENCE AKAU, JR.; LAWRENCE AKAU, SR., as Prochein Ami of CANDACE AKAU (minor),<br><br>        Plaintiffs,<br><br>  vs.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY; TERRENCE DUARTE; TONI DUARTE; TYLER DUARTE; TISH DUARTE; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE BUSINESS ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10; DOE UNINCORPORATED ASSOCIATIONS 1-10,<br><br>        Defendants. | CIVIL NO. 08-00554 SOM-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND |

FINDINGS AND RECOMMENDATION TO
<u>GRANT PLAINTIFF'S MOTION FOR REMAND</u>

I.      INTRODUCTION

On January 7, 2009, Plaintiffs, family members of decedents Michelle Benevedes and Racquel Akau, moved this Court to remand their declaratory judgment action to state court.  Their motion raises two issues.  First, does this Court have subject matter jurisdiction over the declaratory judgment action?  Second, assuming subject matter jurisdiction exists, should the Court exercise jurisdiction over the action?  The Court concludes that it should not exercise jurisdiction over the declaratory action; therefore, it need not address the question of subject matter jurisdiction.

II.     BACKGROUND

On January 20, 2007, Tyler Duarte crashed his mother's sport utility vehicle into a car carrying Michelle Benevedes and Raquel Akau.  Both women died of injuries suffered during the accident.  The accident led family members of the decedents (collectively "Benevedes") to file two actions in Hawaii state court: (1) a personal injury action against members of the Duarte family seeking general and punitive damages; and (2) a declaratory judgment action against the same

Duarte family members and their insurer, GEICO.[1]  The declaratory action requests a determination of GEICO's indemnification responsibilities arising out of the accident, as well as attorneys' fees.  On December 8, 2008, GEICO removed the declaratory judgment action to this Court.

III.    DISCUSSION

Federal courts are not compelled to hear declaratory judgment actions.  See 28 U.S.C. § 2201(a) ("[A]ny court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration . . . .") (emphasis added); see also Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995) ("[A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment . . . ."); Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 803 (9th Cir. 2002) ("[The] decision whether to exercise jurisdiction over a declaratory action lies in the

---

[1] Benevedes also listed various unnamed parties as defendants in both actions.

sound discretion of the district court.")  The factors that guide the exercise of this discretion are enumerated in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), and subsequent Ninth Circuit decisions.  The Ninth Circuit has summarized these factors as follows:

> The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation. If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief.

Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (citations omitted).  The Ninth Circuit has also noted that district courts should not, in general, decline to hear declaratory actions that are joined with an independent, non-discretionary federal claim.[2]  Id. at 1225-26.

---

[2]The Ninth Circuit has stated that these factors are not exclusive. It has noted several other factors that a court

4

The Court will first address whether Benevedes' declaratory action presents an independent, non-discretionary federal claim, as this issue is potentially dispositive. Then the Court will consider the factors laid out in Brillhart and its progeny.

A.  There is No Independent, Non-Discretionary Federal Claim

Here, there are no independent, non-discretionary federal claims intertwined with the claim for declaratory relief.  A claim is independent of a claim for declaratory relief if it would "exist independent of any request for purely declaratory relief, that is . . . [it] would continue to exist if the request for a declaration simply dropped from the

---

might consider:

- whether the declaratory action will settle all aspects of the controversy;
- whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue;
- whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; and
- whether the use of a declaratory action will result in entanglement between the federal and state court systems.

Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998) (quoting American States Ins. Co. v. Kearns, 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth, concurring)) (quotation marks omitted).  Courts might also consider the convenience of the parties, as well as the availability and relative convenience of other remedies.  Id.

5

case." United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1112 (9th Cir. 2001). GEICO argues that the declaratory action is actually a claim for monetary relief and therefore is an independent, non-discretionary federal claim. The Court disagrees. The declaratory action seeks a determination of GEICO's indemnification obligations, not monetary damages.

  The declaratory action does include a request for attorneys' fees. But the request for attorneys' fees depends on Benevedes prevailing on its claim for declaratory relief. Given this dependence, the request for attorneys' fees is not an independent, non-discretionary claim. See Employers Reinsurance. Corp. v. Karussos, 65 F.3d 796, 801 (9th Cir. 1995), overruled in part on other grounds, Dizol, 133 F.3d 1220 (disagreeing with a party's "contention that simply asking for a share of the defense costs to date transforms a declaratory relief action over which jurisdiction is discretionary into a case which the district court is obligated to hear") Accordingly, the action is for declaratory relief only and does not contain an independent, non-discretionary federal

claim.

    B.  <u>Discretionary Factors</u>

        1.  <u>A Parallel State Proceeding Exists</u>

This factor weighs in favor of remand. The Court recognizes that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." <u>Dizol</u>, 133 F.3d at 1225. However, courts should "decline to assert jurisdiction in . . .declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court" <u>Cont'l Cas. Co. v. Robsac Indus.</u>, 947 F.2d 1367, 1374 (9th Cir. 1991).

The Ninth Circuit has found a state proceeding parallel to a federal declaratory judgment action when: (1) the actions arise from the same factual circumstances; (2) there are overlapping factual questions in the actions; or (3) the same issues are addressed by both actions. <u>Golden Eagle Ins. Co. v. Travelers Cos.</u>, 103 F.3d 750, 755 (9th Cir. 1996), <u>overruled in part on other grounds</u>, <u>Dizol</u>, 133 F.3d at 1227 ("It is enough that the state proceedings arise

from the same factual circumstances."); <u>Employers Reinsurance Corp.</u>, 65 F.3d at 800 (finding state and federal actions parallel when the actions raised overlapping, but not identical, factual issues), <u>overruled in part on other grounds</u>, <u>Dizol</u>, 133 F.3d at 1227; <u>Cont'l Cas.</u>, 947 F.2d at 1371 (finding state and federal actions parallel when they addressed the same issues).  State and federal actions have been found parallel even when a party to the federal action was not part of the state action.  <u>See</u> <u>Employers Reinsurance Corp.</u>, 65 F.3d at 800 (finding state and federal actions parallel although an insurer was a party in the federal action, but not the state action).

      A parallel state proceeding exists here.  GEICO contends that the state personal injury action does not raise the contract issues present in the declaratory judgment action.  Therefore, GEICO asserts that the actions are not parallel.  However, as noted above, a state proceeding is parallel to a declaratory judgment action if the actions arise from the same factual circumstances.  Here, both actions arose from the traffic accident that led to the deaths of Michelle

8

Benevedes and Racquel Akau.  The actions are therefore parallel.

>        2.  This Action Involves Needless Determination of State Law

The existence of a state law issue also weighs in favor of remand.  The Ninth Circuit has found that a district court needlessly determined state law when: (1) the state law issue in question was the subject of a parallel proceeding; (2) the area of law was expressly left to the states by Congress; and (3) there was no compelling federal interest.  See Cont'l Cas., 947 F.2d at 1371.

Here, the state and federal actions do not address the same issues.  The state personal injury action involves claims for monetary damages, while the declaratory action requests a determination of the scope of GEICO's indemnification obligations.  However, there is little federal interest in this case.  Where, as here, "the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." Id.  Moreover, this case implicates an area of law reserved for the states: insurance law.  Congress expressly left insurance law to the states when it

passed the McCarran-Ferguson Act. <u>Id.</u> For these reasons, this factor militates in favor of declining jurisdiction.

      3.   <u>There is No Forum Shopping</u>

The court's duty to discourage forum shopping favors neither party. District courts should generally not exercise jurisdiction over a "reactive" declaratory action. See <u>Huth</u>, 298 F.3d at 804 (quoting <u>Dizol</u>, 133 F.3d 1220). Generally speaking, a reactive declaratory action is one filed by "an insurance company against its insured during the pendency of a non-removable state court action presenting the same issues of state law." <u>Cont'l Cas.</u>, 947 F.2d at 1372.

Here, Benevedes initiated both the personal injury and declaratory judgment actions, albeit in state court. GEICO simply removed the declaratory action to federal court, as is its right. See <u>First State Ins. Co. v. Callan Assocs., Inc.</u>, 113 F.3d 161, 162 (9th Cir. 1997) ("Although occasionally stigmatized as 'forum shopping,' the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing

Article III."). In addition, the issues addressed by the actions are not the same. Therefore, this declaratory judgment action is not "reactive" as that term is used in Ninth Circuit case law. Accordingly, this factor does not weigh in favor of accepting or declining jurisdiction.

### 4. This Action is Not Duplicative

This factor is neutral as well. The Ninth Circuit has found litigation duplicative if the same issues are at stake in both actions. See, e.g., Robsac, 947 F.2d at 1373 (finding declaratory and state actions duplicative because the issues presented in the declaratory action could be resolved in the state action); Smith v. Lenches, 263 F.3d 972, 978 (9th Cir. 2001) (finding declaratory and state actions duplicative because they presented the same issues). As noted above, the state and federal actions deal with different issues. As these issues are related but different, the litigation is not duplicative and this factor is a wash.

The Court concludes that the factors discussed above militate against exercising jurisdiction over

11

Benevedes' declaratory action.  The presence of a parallel state proceeding, while not dispositve, strongly counsels against exercising jurisdiction.  Moreover, no compelling federal interest is involved because the action involves only state law.  For these reasons, remand is appropriate.

IV.     CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Motion for Remand, filed January 7, 2009.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, February 25, 2009.

  

Kevin S.C. Chang
United States Magistrate Judge

CV 08-00554 SOM-KSC; <u>BENEVEDES ET AL. V. GOVERNMENT EMPLOYEES INSURANCE COMPANY ET AL.</u>, FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND